# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**FILED**

November 24, 2014

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**In Re: J.D. II, J.D., & K.D.**

**No. 14-0649** (Calhoun County 13-JA-65 through 13-JA-67)

## MEMORANDUM DECISION

Petitioner Father, by counsel Teresa C. Monk, appeals the June 11, 2014, order of the Circuit Court of Calhoun County that terminated his parental rights to seven-year-old J.D. II, five-year-old J.D., and four-year-old K.D. The children's guardian ad litem, Tony Morgan, filed a response in support of the circuit court's order. The Department of Health and Human Resources ("DHHR"), by its counsel Lee A. Niezgoda, also filed a response in support of the circuit court's order. On appeal, petitioner argues that the circuit court erred in denying him an improvement period and in terminating his parental rights.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In November of 2013, the DHHR filed an abuse and neglect petition against petitioner, petitioner's wife, and petitioner's parents. The petition alleged that all of the parents, subject children, and the siblings of petitioner lived in the same home when petitioner's father was sexually abusing petitioner's sister, S.D., a minor child. The petition alleged that all four parents had knowledge of this sexual abuse and failed to protect S.D. and the other children from this abuse and incest. The petition alleged that, instead, the parents blamed S.D. for "bringing the sexual abuse upon herself." The petition also alleged that the parents threatened the children's health through their inability to supply them with a safe and stable home environment and through their inadequate health and dental care, as exhibited by the children's tooth decay, chronic head lice, and periods of hunger. The petition also alleged that due to the aggravated circumstances of sexual abuse, the DHHR was not required to offer services in the home.

After multiple adjudicatory hearings, including one in camera hearing with S.D., the circuit court adjudicated the parents as abusing parents and the children as abused and neglected children. The circuit court found that when the entire family previously resided together in Braxton County, there were multiple serious referrals and allegations made to Child Protective Services against the adults concerning incest and sexual misconduct; despite multiple investigations, the children were never removed from the home. The circuit court further found that sexual abuse against S.D., by her father, had occurred when the family lived in Braxton County and continued when the family moved to Calhoun County, and was continuing at the

1

time of the children's removal. The circuit court adjudicated petitioner and his wife based upon the following: exposing the children to the risk of possible abuse by petitioner's father; their failure to take any remedial action to protect S.D. from further sexual abuse even after petitioner's wife witnessed S.D.'s brother sexually abusing S.D.; their decision to allow their children to live in the same home as S.D.'s parents and to sleep in a room adjoining S.D.'s parents, despite signs that S.D. was being sexually abused by her father; their failure to take action after witnessing S.D.'s father physically assault S.D., who was then pregnant with his child, by punching her, causing her to suffer a blackened eye; and their failure to provide adequate health and dental care to the children.

Thereafter, petitioner filed a motion for an improvement period prior to the circuit court's dispositional hearing. Following the dispositional hearing, the circuit court denied this motion and terminated the parental rights of petitioner and his wife. The circuit court found that the serious sexual assault in the home made efforts to preserve the family unreasonable and impossible; that S.D.'s sexual abuser would be a serious threat to any children in the home; and that the parents' failure to appear for two scheduled psychological evaluations indicated their defensiveness, guilt, and unwillingness to participate and cooperate with a family case plan. The circuit court also found that petitioner's testimony concerning his children's sleeping arrangements and his belief that S.D. was not being sexually abused was not credible and was evidence establishing petitioner's denial that sexual abuse was occurring in the home. The circuit court also found that the subject children displayed significant symptoms of trauma from continual abuse and did not have a bond with their parents. After also finding that the parents lacked the ability to parent and protect the children, that there was no reasonable likelihood that the abuse and neglect could be substantially corrected, and that termination of parental rights was in the children's best interests, the circuit court terminated the parents' parental rights to the children. Petitioner now appeals.

This Court has previously established the following standard of review:

"Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011).

Upon our review of the record, we find no error in the circuit court's denial of petitioner's motion for an improvement period and its termination of petitioner's parental rights. We have held that "in the context of abuse and neglect proceedings, the circuit court is the entity charged with weighing the credibility of witnesses and rendering findings of fact." *In re Emily,* 208 W.Va. 325, 339, 540 S.E.2d 542, 556 (2000) (citing Syl. Pt. 1, in part, *In re Travis W.,* 206 W.Va. 478, 525 S.E.2d 669 (1999)). Under West Virginia Code § 49-6-12(c), circuit courts have the discretion to grant an improvement period at disposition if the subject parent demonstrates by clear and convincing evidence that he or she will likely fully participate in the improvement period. West Virginia Code § 49-6-5(a)(7)(A) directs that the DHHR is not required to make reasonable efforts to preserve the family if the circuit court determines that the parent has subjected the children in the home to aggravated circumstances of sexual abuse.

The record in the present case shows that petitioner testified of his family's history of sexual abuse, but stated that he had no reason to believe that sexual abuse existed in the home in the instant case. To the contrary, S.D. testified that petitioner's wife told petitioner about the sexual abuse petitioner's wife witnessed between S.D. and S.D.'s brother, yet neither adult parent took action to remedy these circumstances. Petitioner also missed appointments for his psychological evaluation both times it was scheduled, which the circuit court found indicated his unwillingness to participate and cooperate with a family case plan. This evidence shows that petitioner did not meet his burden in proving that he would fully participate in an improvement period. Therefore, under the circumstances, the DHHR was not required to make reasonable efforts to preserve the family. Accordingly, we find no error to disturb the circuit court's denial of an improvement period to petitioner.

Petitioner also argues that the circuit court erred in terminating his parental rights because the sexual abuser in the home, petitioner's father, did not harm the subject children and because petitioner expressed his willingness to cooperate with a family case plan. Under West Virginia Code § 49-1-3(1)(A), an "abused child" is one "whose health or welfare is harmed or threatened by [] [a] parent, guardian or custodian who knowingly or intentionally inflicts, attempts to inflict or knowingly allows another person to inflict, physical injury or mental or emotional injury, upon the child or another child in the home." Further, pursuant to West Virginia Code § 49-6-5(b), a parent who has demonstrated an inadequate capacity to solve the problems of abuse or neglect on his or her own or with help is evidence that there is no reasonable likelihood that the conditions of abuse or neglect can be substantially corrected. Our review of the record shows that petitioner failed to protect his children from the possibility of abuse by his father and that petitioner failed to submit to a psychological evaluation. This evidence supports the circuit court's findings that there was no reasonable likelihood that the conditions of child abuse and neglect could be substantially corrected and that the children's welfare required termination of petitioner's parental rights. Pursuant to West Virginia Code § 49-6-5(a)(6), circuit courts are directed to terminate parental rights upon such findings.

For the foregoing reasons, we affirm the June 11, 2014, order of the Circuit Court of Calhoun County terminating petitioner's parental rights to J.D. II, J.D., and K.D.

Affirmed.

3

**ISSUED:**  November 24, 2014

**CONCURRED IN BY:**

Chief Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II